Therefore, this case having been duly remanded to this Court, it is hereby

ORDERED that this Court's Judgment Order of August 21, 1996, granting Plaintiff's motion for judgment upon the agency record and dismissing this action is vacated; and it is further

ORDERED that the International Trade Commission's final determination in *Magnesium from China, Russia, and Ukraine,* 60 Fed. Reg. 26,456 (Int'l Trade Comm'n 1995) (final) is remanded to the International Trade Commission ("ITC"). The ITC is to reconsider its material injury finding in a way that is consistent with the legal standard articulated by the CAFC and that takes into account the existence and substitutability of fairly-traded Russian imports of pure magnesium and the increase in the market share of said imports during the period of investigation; and it is further

ORDERED that remand results are due on Tuesday, June 30, 1998; comments and responses are due on Tuesday, July 28, 1998; any rebuttal comments are due on Tuesday, August 11, 1998.

AD HOC COMMITTEE OF SOUTHERN CALIFORNIA PRODUCERS OF GRAY PORTLAND CEMENT, PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND ONODA CEMENT CO., LTD., DEFENDANT-INTERVENOR

Consolidated Court No. 93–10–00697

(Dated April 29, 1998)

## JUDGMENT ORDER

GOLDBERG, *Judge:* This Court remanded to the Department of Commerce, International Trade Administration ("Commerce"), four issues arising from Commerce's final results in the first administrative review of *Gray Portland Cement and Clinker from Japan,* 58 Fed. Reg. 53,705 (1993). In particular, at Commerce's request, this Court remanded to reconsider (1) the treatment of the freight-out and inland insurance expenses incurred for transportation to unrelated customers in the United States; (2) the extent to which pre-sale home market transportation costs should be deducted from foreign market value ("FMV"); (3) the amount of freight expenses incurred for shipping to unrelated U.S. customers; and (4) the per-unit amount of service station expenses to be included in calculating cost of production ("COP"). *See The Ad Hoc Committee of Southern Producers of Gray Portland Cement v. United States,* 19 CIT 1398, 914 F. Supp. 525 (1995) *("Ad Hoc I").*

In compliance with the Court's remand Order, Commerce (1) included all freight-out and insurance expenses when calculating profit; (2) made

no deduction to FMV for pre-sale movement expenses when making purchase-price comparisons, and counted the expenses as indirect selling expenses when making exporter-sales-price comparisons; (3) adjusted U.S. price by correcting the deduction for relevant freight expenses; and (4) corrected the per-unit service station expenses included in calculating COP. Neither plaintiff nor defendant-intervenor submitted comments on the Remand Determination to the Court. Upon consideration of Commerce's Remand Determination, upon all other papers and proceedings had herein, and upon due deliberation, it is hereby

ORDERED that Commerce's Remand Determination is sustained in all respects; and it is further

ORDERED that judgment is entered in accordance with this Court's opinion in *Ad Hoc I* and Commerce's Remand Determination. Commerce shall issue instructions to the United States Customs Service accordingly.